UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AMADO BRITO,

                                        Plaintiff,

                      v.                                  9:02-CV-1410
                                                            (FJS/RFT)

GLENN S. GOORD, Commissioner; CLAIR
BEE, JR., Assistant Commissioner;
SUPERINTENDENT HOLLINS, Oneida
Correctional Facility; BURGE, Superintendent,
Auburn Correctional Facility; RABIDEAU, First
Superintendent of Auburn Correctional Facility;
JOHN DOE, Correctional Officer at Oneida
Correctional Facility; JOHN DOE,
Correctional Officer at Oneida Correctional
Facility; JOHN DOE, Correctional Officer
at Oneida Correctional Facility; H. MOSS,
Correctional Officer at Oneida Correctional
Facility; AMINA AHSAN, Facility Health
Services Director at Auburn Correctional
Facility; and ANN DRISCOLL, Acting
Nurse Administrator at Auburn
Correctional Facility,

                                        Defendants.

---

**APPEARANCES**                                **OF COUNSEL**

**AMADO BRITO**
**01-R-0878**
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, New York 14541
Plaintiff *pro se*

| | |
|---|---|
| **HISCOCK & BARCLAY LLP**<br>One Park Place<br>300 South State Street<br>P.O. Box 4878<br>Syracuse, New York 13221-4878<br>*Pro Bono* Trial Counsel for Plaintiff | **AARON J. RYDER, ESQ.**<br>**PATRIQUE A. CAMPBELL, ESQ.** |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>615 Erie Boulevard West<br>Suite 102<br>Syracuse, New York 13204<br>Attorneys for Defendants | **PATRICK F. MACRAE, AAG** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Amado Brito commenced this civil rights action on November 7, 2002. *See* Dkt. No. 1. On October 13, 2005, the Court issued a scheduling Order, pursuant to which it scheduled the trial of this action to commence on February 13, 2006. *See* Dkt. No. 77. However, on that date, the Court advised counsel that Five Points Correctional Facility had informed the Court that it could not transport Plaintiff to Court for trial. At the Court's instruction, Plaintiff's *pro bono* counsel contacted Plaintiff and, thereafter, advised the Court that Plaintiff had agreed to comply with prison policies and procedures regarding the transportation of inmates. Counsel also advised the Court that Plaintiff had waived his right to be present for jury selection. After drawing the jury, the Court adjourned the trial until February 14, 2006. On that date, after meeting with counsel, the Court advised the jury that Plaintiff had experienced some problems with transportation; and, therefore, the Court was adjourning the trial without date to allow time

for the transport issue to be resolved.[1]

Currently before the Court is Plaintiff's motion for a Certificate of Appealability.[2] *See* Dkt. No. 86.

Section 2253(c)(1) of Title 28 of the United States Code provides, in pertinent part, that

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a ***habeas corpus proceeding*** in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceedings ***under section 2255***.

28 U.S.C. § 2253(c)(1) (emphasis added).

By its terms, therefore, a party need only request a Certificate of Appealability in two types of cases: ***habeas corpus proceedings*** and ***proceedings under section 2255***. *See* 28 U.S.C. § 2253(c)(1). In other words, because this is a civil rights complaint, Plaintiff does not need to request a Certificate of Appealability before he files an appeal.[3]

Accordingly, for the above-stated reason, the Court hereby

**ORDERS** that Plaintiff's motion for a Certificate of Appealability is **DENIED as unnecessary**; and the Court further

---

[1] To date, this issue remains unresolved.

[2] On March 3, 2006, the Clerk of the Court received a letter from the Second Circuit Court of Appeals advising (1) that, on February 15, 2006, Plaintiff had mistakenly filed a document with the Second Circuit and (2) that, in accordance with Rule 4(d) of the Federal Rules of Appellate Procedure, this Court should consider that document filed **as of February 15, 2006**. *See* Dkt. No. 86. In this document, filed *nunc pro tunc* on February 15, 2006, Plaintiff states that he "need[s] a Certificate of Appealability." *Id.*

[3] However, the Court notes that, because this action is still pending, there is no final order or judgment from which Plaintiff could appeal.

**ORDERS** that the Clerk of the Court serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: April 29, 2006
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge